# EXHIBIT 4

```
                    STATE OF MICHIGAN
           30th JUDICIAL CIRCUIT COURT (INGHAM)
                      CIVIL DIVISION


HUWAIDA ARRAF, JENNIFER KIRBY,
and MADELEINE TOCCO,

                   Plaintiffs,

v.                                    Case No. 24-711-CK

MICHIGAN DEMOCRATIC PARTY,
and LAVORA BARNES, Chair of the
Michigan Democratic Party,

and

JOCELYN BENSON, Michigan
Secretary of State,

                   Defendants.
_____/


         MOTION FOR TEMPORARY RESTRAINING ORDER
               AND/OR PRELIMINARY INJUNCTION
        BEFORE THE HON. JAMES S. JAMO, CIRCUIT JUDGE
           Lansing, Michigan - September 6, 2024


APPEARANCES:

For the Plaintiffs: SHEREEF H. AKEEL (P54345)
                    Akeel & Valentine, PLC
                    888 West Big Beaver Road
                    Suite 350
                    Troy, MI 48084-4761
                    (248) 269-9595
                    shereef@akeelvalentine.com

For Defendants     SCOTT R. ELDRIDGE (P66452)
MDP and Barnes:    Miller Canfield Paddock & Stone PLC
                   1 East Michigan Avenue
                   Suite 900
                   Lansing, MI 48933-1370
                   (517) 483-4918
                   eldridge@millercanfield.com
```

```
For Defendant          HEATHER S. MEINGAST (P55439)
Benson:                ERIK A. GRILL (P64713)
                       Department of Attorney General
                       525 West Ottawa Street
                       Floor 5
                       Lansing, MI 48933-1067
                       (517) 335-7659
                       meingasth@michigan.gov
```

```
REPORTED BY:
Kelli Simon Werner, CRR, RPR, CSR 6610
(517) 483-6427
kwerner@ingham.org
```

2

```
 1        preliminary injunction.
 2                  I am going to deny the emergency
 3        relief, the injunction that has been requested
 4        for a couple of very specific reasons.
 5                  One is -- and I think this is
 6        ultimately fatal to the request to the
 7        Plaintiffs' motion, and that is that there can
 8        be no irreparable injury here for, again, a very
 9        specific reason.  I know the presentation has
10        been that if I don't grant this relief that
11        there would be a lost opportunity for Ms. Arraf
12        to get on the election ballot because the
13        Secretary of State will comply with the statute
14        and provide the notice to each of the counties.
15        The statute is MCL 168.648.
16                  That is, I think, a misdirection of the
17        focus of irreparable injury.  I don't think
18        there is any question that there would be -- and
19        I think, Mr. Akeel, you argued that there really
20        should be no issue as to irreparable injury.  I
21        think that's correct if you are looking at the
22        opportunity for your client to get on the
23        ballot.  I think that where the incorrect focus
24        is -- the focus is whether I can do anything
25        about it or not.
```

```
 1                    So the fact that if I grant the relief
 2          you request, I could not stop the Secretary of
 3          State from doing what she is obligated by
 4          statute to do, I think leads to the inescapable
 5          conclusion that for purposes of this
 6          preliminarily injunction motion, regardless of
 7          whatever the testimony is, there is no way to
 8          show an irreparable injury by me not granting
 9          the request to have the Michigan Democratic
10          Party do all these things that you are
11          requesting the Michigan Democratic Party to do.
12                    In other words, the irreparable injury
13          is connected to whether the Secretary of State
14          provides the counties the notice required by
15          Michigan Compiled Law 168.648.  Again, I have no
16          authority to stop that regardless of the weight
17          of the testimony and the document evidence that
18          you have provided and the arguments on behalf of
19          the plaintiffs regardless of what my conclusions
20          are about -- and what conclusions I may draw
21          from that testimony I heard today and the
22          presentation that has been made.
23                    I think that point, in fact, was on
24          some level conceded in the argument made today
25          by saying, well, it may have influence on the
```

```
 1          Secretary of State as to what she may do with
 2          regard to completing her obligation under the
 3          statute today or being on notice of some
 4          irregularity in the nominating process within
 5          the Democratic Party.
 6                    It may be that she takes notice of
 7          that.  She'll, of course, have to make her own
 8          decision with regard to that.
 9                    But I do think, as I said a moment ago,
10          that if we look at the issue of what I can do
11          and whether or not there is irreparable injury
12          by not granting the injunctive relief apart from
13          stopping the Secretary of State of certifying or
14          providing the notice, I guess is technically the
15          language in the statute.
16                    If we focus on granting the
17          preliminarily injunction as to what you are
18          asking me to order the Michigan Democratic Party
19          to do, that's not where the irreparable injury
20          focus needs to be.  It has to be on whether or
21          not the Secretary of State could be stopped by
22          anything I do, and clearly the answer to that is
23          no.  I don't think that was even largely
24          contested here today.
25                    Also, I am not sufficiently
```

```
 1    convinced -- at least to the level I believe I
 2    need to be for purposes of granting injunctive
 3    relief, I'm not sufficiently convinced that the
 4    plaintiff can prevail on the merits.
 5              When I put it in the context of the
 6    only published authority -- appellate authority
 7    that comes close to addressing this issue of the
 8    court becoming involved in the intraparty
 9    political party actions, and that is the case of
10    American Independent Party of Michigan versus
11    the Secretary of State, a case in the Michigan
12    Supreme Court, 397 Mich. 689, a 1976 case, which
13    cites from the U.S. Supreme Court among other
14    cases that are addressed by Michigan Supreme
15    Court in that particular case.
16              The requested relief in this motion
17    under parts A and B are that I order Defendant
18    MDP, by and through its officials including
19    Defendant Barnes, to conduct a full and
20    transparent investigation or audit of the
21    University of Michigan Regents vote-counting
22    process and/or a recount of the votes.  And
23    that's subpart A of the prayer for relief.  B is
24    ordering Defendant Michigan Democratic Party, by
25    and through its officials including Defendant
```

1       Barnes, to expedite Plaintiff Arraf's appeal.
2               As pointed out by Mr. Eldridge, it
3       appears that in the actual rules there is no
4       bylaw that creates a process for a transparent
5       investigation or an audit or a recount or to
6       expedite an appeal for that purpose -- for the
7       purposes requested by the plaintiff.
8               Now, I'm not saying those things
9       shouldn't happen.  I'm not even saying that
10      Ms. Arraf is incorrect in saying, well, even
11      though it doesn't say recount, if you're going
12      to follow the bylaws as to how the vote is
13      tallied, there is implicit in that the ability
14      to review that or to have the information that
15      would allow someone to independently tally the
16      votes and look at whether something was done
17      correctly.
18              However, again, referring back to the
19      Supreme Court opinion -- Michigan Supreme Court
20      opinion in *American Independent Party*, that
21      request -- those two components of the prayer
22      for relief and the motion for preliminarily
23      injunction come very close to asking me to
24      intervene and impose on the party internal rules
25      that, according to the case that I just

1    mentioned, I would not be permitted to do, or at
2    least it's not clear from that case that a court
3    is permitted to do that.
4              That's not to exclude the possibility
5    of what Mr. Akeel has argued here as to whether
6    or not a court of jurisdiction could address, by
7    way of litigation, the issues of breach of
8    contract or some other violation or that a party
9    could seek declaratory relief in some form.
10             All I'm saying here with regard to my
11   ruling as to whether I'm convinced sufficiently
12   that the plaintiff could prevail on the merits
13   is that according to the *American Independent*
14   *Party of Michigan* case, absent either an
15   allegation of a statutory provision governing
16   nominations for elections or elections
17   themselves or a constitutional issue, that
18   political parties are left to make and follow
19   their own rules.
20             I understand the tremendous frustration
21   of Ms. Arraf, and I even understand the
22   sentiment and the argument by Mr. Akeel that
23   essentially there has to be some kind of remedy.
24   I get that that's the argument, but, again,
25   under the case law and with the concession that

```
STATE OF MICHIGAN    )
                     ) SS.
 COUNTY OF INGHAM    )
```

CERTIFICATE OF STENOGRAPHER

     I, Kelli L. Werner, Certified Shorthand Reporter, do hereby certify that the foregoing 186 pages comprise an accurate, true, and complete transcript of the proceedings and testimony taken.

     I further certify that this transcript of the stenographic record of the proceedings and testimony truly and correctly reflects the exhibits, if any, offered by the respective parties. WITNESS my hand this date, 9th day of September, 2024.

_____
Kelli L. Werner, CRR, RPR, CSR-6610
Official Court Stenographer
313 West Kalamazoo
P.O. Box 40771
Lansing, Michigan 48901-7971

187