UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUWAIDA ARRAF, JENNIFER KIRBY, and MADELEINE TOCCO, individually and on behalf of all similarly situated,

  Plaintiffs,

v.

MICHIGAN DEMOCRATIC PARTY, LAVORA BARNES, in her official capacity as Chair of the Michigan Democratic Party, CHRISTINE JENSEN, in her official capacity as Executive Director of the Michigan Democratic Party,

  Defendants.

Case No.: 24-cv-00933
Hon. Jane M. Beckering

---

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION [ECF 3]

---

Huwaida Arraf (NY 4707220)
45836 Eden Dr.
Macomb, MI 48044
T: 917.588.3482
E: huwaida.arraf@gmail.com
*Attorney for Plaintiffs*

Scott R. Eldridge (P66452)
Erika L. Giroux (P81998)
MILLER, CANFIELD, PADDOCK AND STONE, PLC
120 N. Washington Square, Suite 900
Lansing, MI 48933
T: (517) 487-2070
E: eldridge@millercanfield.com
 giroux@millercanfield.com
*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION [ECF 3]**

Plaintiffs HUWAIDA ARRAF, JENNIFER KIRBY, and MADELEINE TOCCO, as individuals and on behalf of all those similarly situated, by and through their attorneys, respectfully submit this *Memorandum in Support of Plaintiffs' Emergency Motion for Preliminary Injunction [ECF 3]* for the purpose of (a) clarifying the date after which the harm they allege will become irreparable; and (b) amending their request for relief.

1. On September 11, 2024, at 11:59 p.m., Plaintiffs filed a Complaint for Declaratory and Injunctive Relief against Defendants, alleging serious violations of their constitutional rights, as well as their rights under the Michigan Constitution, common law and the laws of the State of Michigan in connection with the Michigan Democratic Party's 2024 Fall Nominating Convention and the nomination for University of Michigan's Board of Regents. [ECF 1, Complaint]

2. Prior to commencing this action, Plaintiffs tried in earnest to convince Defendants to work with them to amicably resolve their issues, to no avail.

3. For nearly three weeks, Defendants have been unreasonably refusing to release the raw data from the vote for UM Regents so that an audit can be conducted to verify the validity of the announced results before the deadline for finalizing the candidates for the November 2024 general election ballots.

4. On Saturday, August 25, 2024, Defendant Lavora Barnes emailed what she purported to be the "raw data" however, as Plaintiffs allege in their Complaint, what Barnes sent was not the raw data from the Voatz system that Plaintiffs have been requesting, but rather the final altered data that the MDP used to tabulate the vote. [ECF 1, PageID. 23-24, ¶¶97-98]

5. In this data (produced by Barnes) Plaintiffs' data analysts found numerous discrepancies and errors, including 174 more voters than had been announced by MDP officials as credentialed to vote at the Convention. All of this calls into serious question the validity of the election results as announced by MDP leadership and renders Plaintiffs' request for the raw, unedited voting data to verify the election results all the more critical.

6. On the morning of September 12, 2024, Plaintiffs filed an *Emergency Motion for Preliminary Injunction and Order to Show Cause*, seeking an order from this Court, compelling Defendants to either (a) retabulate the votes in compliance with the MDP Bylaws and Rules, which mandate slate voting in elections for multi-position offices, such as this one; or, in the alternative, (b) immediately release the raw, unedited voting data from the Voatz application and/or machines as well as a final list of MDP members properly credentialed to vote by 2:00 p.m. on Saturday, August 24, 2024, and to cooperate with Plaintiffs to review the data and determine the rightful winners of the nominations. [ECF 1, PageID. 182-83]

3

7. Plaintiffs' *Emergency Motion for Preliminary Injunction and Order to Show Cause* noted that, although the deadline for the Secretary of State to finalize the names for the general election ballot—September 6, 2024—had passed, there was still a small window in which corrections to names on the ballot could still be made. [ECF 3, PageID. 180, ¶29]

8. However, Plaintiffs' emergency motion inadvertently neglected to specify a date certain by which corrections to the general election ballot would no longer be possible.

9. According to Mich. Comp. Laws §§ 168.710 and 711, today, September 13, 2024, was the last day for candidates to make corrections to their names on the ballot before county clerks are authorized to begin printing the ballots. M.C.L. § 168.710(4)

10. However, M.C.L. §§ 168.712 and 714 provide Plaintiffs with a little more time to try to obtain the relief they seek.

11. According to M.C.L. § 168.714, the last day to make any corrections to a ballot before they are printed is specified as a certain number of days before the election. The statute requires that all corrections be made and the ballot content finalized no later than 45 days before the election to ensure that absentee ballots can be sent out in a timely manner. This date is September 21, 2024.

12. Mich. Comp. Laws § 168.712 provides that if a candidate's name is omitted from the ballot or if it is found that a mistake has been made in the printing of a candidate's name, "the board of election commissioners shall have the ballots reprinted with the candidate's name on the ballots." Therefore, even if some counties have already begun printing ballots, it is possible that Plaintiffs can still obtain relief.

13. The Court's Order of September 12, 2024, ordered a full briefing on Plaintiffs' emergency motion, giving Defendants 14 days after service[1] to respond to Plaintiffs' motion, and 7 days for Plaintiffs to reply. [ECF 6, Order 9/12/2024]

14. A full briefing on Plaintiffs' *Emergency Motion for Preliminary Injunction and Order to Show Cause,* pursuant to the schedule set by the Court in its Order, would foreclose any opportunity to correct the general election ballot if required.

15. To prevent the irreparable harm Plaintiffs allege they will suffer if a preliminary injunction is not entered, action is required **as soon as possible, and in any event, before Saturday, September 21, 2024**.

16. Recognizing that their first request for injunctive relief—that the Court order Defendants to retabulate the UM Regent vote based on the slate voting

---

[1] Defendants agreed to waive service and defense counsel returned executed waivers of service, which Plaintiffs filed today, September 13, 2024. [ECF 7-9]

5

method—would require the Court to decide on the merits of Plaintiffs' claim, Plaintiffs hereby withdraw that request.[2] [ECF 3, PageID. 181, #1-2]

17. Plaintiffs' alternative request for relief, articulated in Request for Relief #3 simply asks for the production of data that Plaintiffs are entitled to and that Defendants are easily able to produce. [ECF 3, PageID. 183, #3]

18. While Defendants claim that they sent candidates all the raw data and there is nothing else to produce [*See* ECF 3, PageID. 358-359, Jensen Declaration, ¶7], on September 12, 2024, Defendants provided Plaintiffs with a statement from the CEO of Voatz, Inc, Nimit Sawhney, clearly indicating otherwise. [Exh. 1].

19. Sawhney's statement states, among other things, that 1488 MDP members received credentials to vote at the Convention, but only 1422 voted. This indicates that 66 members allegedly received credentials but did not register votes in the Voatz system. [*Id.*]

20. Sawhney's statement makes clear that Defendants have *not* produced all the raw data in connection with the vote for UM Regent, and moreover, that there are additional discrepancies requiring full transparency.

---

[2] Plaintiffs allege that Defendants violated the MDP Bylaws and Rules for Voting and Elections when they used the majority voting method rather than the slate voting method to elect its nominees for the University of Michigan's Board of Regents. Retabulating the results based on the slate method would result in Plaintiff Arraf winning one of the nominations. [ECF 1, PageID. 18-20; ECF 1-16, PageID. 123-129]

6

Wherefore, Plaintiffs respectfully request that this Honorable Court GRANT the relief requested in #3 of Plaintiffs' *Emergency Motion for Preliminary Injunction and Order to Show Cause,* and order Defendants to immediately produce the raw, unedited voting data from the Voatz application and/or machines as well as the list of MDP members properly credentialed to vote as of 2:00 p.m. on Saturday, August 24, 2024. In the alternative, Plaintiffs request that the Court set a show cause hearing on September 16, 2024 or September 17, 2024 for the parties to appear and show cause as to why such preliminary injunction should not enter.

        Respectfully submitted,

        *s/ Huwaida Arraf*
        Huwaida Arraf (NY 4707220)
        45836 Eden Dr.
        Macomb, MI 48044
        T: 917.588.3482
        E: huwaida.arraf@gmail.com
        *Attorney for Plaintiffs*

Dated: September 13, 2024